THOMAS A. DODDS, Respondent, v. ROBERT G. ESTILL, Appellant.

### Kansas City Court of Appeals, July 2, 1888.

**Practice** : INSTRUCTIONS : WHEN GIVING OF NOT GROUND FOR REVERSAL : CASE ADJUDGED. Where an instruction given by the trial court is a mere abstraction, as in this case, and does not apply the principle enunciated to the facts of the case, and does not purport to cover the whole case ; if the other instructions in the case are such as that it must have been considered by the jury in connection with them, the giving it will constitute no ground for reversal, as the jury could not have been misled by it.

*Appeal from Jackson Circuit Court.*—HON. JAMES H. SLOVER, Judge.

AFFIRMED.

The case is stated in the opinion.

*Karnes & Krauthoff*, for the appellant.

(1) The first instruction given for the plaintiff was manifestly misleading, and it is not the law on the state of facts shown by the evidence. This made the defendant liable without any reference to the question whether or not there were two separate and independent transactions. The theory of this instruction is that if an agent introduces a party who at any time afterwards buys the property, he is entitled to his commission. *Gaty v. Foster*, 18 Mo. App. 639 ; *Beauchamp v. Higgins*, 20 Mo. App. 514 ; *Wylie v. Bank*, 61 N. Y. 416 ; *Sibold v. Iron Co.*, 83 N. Y. 378 ; *Earp v. Cumming*, 54 Pa. St. 394 ; *Ward v. Fletcher*, 124 Mass. 224. (2) The first instruction is further erroneous in that it omits any question of good faith in the modification of the terms that may be made. Real estate agents are supposed to be experts in their line of business. It may often happen that the owner of property could readily make a sale at a given price, but, thinking the value to be greater, seeks the assistance of the broker at a higher price. Should the broker show the property to a party and fail to make a sale, it cannot be that the owner is forever precluded from making a sale to this party at a less sum. The owner of property cannot give it to a broker at a certain price, and when a buyer has been introduced, then discharge the broker, reduce the price, make a sale himself, and thus deprive the broker of his commission. This would be bad faith. This distinction was clearly announced in *Gaty v. Foster*, *supra*, but ignored in this instruction. In September, Dodds undertook an exchange of four pieces of Estill's property, at a fixed valuation. Martin rejected the offer and made a counter proposition, offering to take two of the pieces at a different valuation. This Estill rejected. In November, without any intervention of Dodds, an exchange was effected, by which three pieces of the

property were sold at still a different valuation. This instruction simply said to the jury that all that was necessary to entitle the plaintiff to recover, was for him to show that he introduced on the scene a party who subsequently became the owner of a part of this property, and that the terms of such subsequent purchase were immaterial. (3) On the trial, practically, the only issue made was whether this was one continuous transaction or not. The second instruction for the plaintiff and the third for defendant clearly state the law with reference to that question. But the giving of these instructions did not remedy the error contained in the first instruction of plaintiff, but only made it the more apparent. *Jones v. Talbot*, 4 Mo. 279 ; *State v. Mitchell*, 64 Mo. 191 ; *State v. Pacquet*, 75 Mo. 330 ; *Bank v. Westlake*, 21 Mo. App. 565. (4) The second instruction given for the defendant is in exact conflict with said first instruction given for the plaintiff.

*Wash Adams*, *R. H. Field* and *Bingham & Adams*, for the respondent.

(1) Counsel for appellant misconceives the true theory upon which this case was tried. The contract stated in respondent's petition and the contract proved at the trial of the case, was simply to procure a purchaser for defendant's property. No terms of sale were given, no price was fixed. These were considered matters of detail to be arranged when a purchaser was found. Defendant's main object was to exchange his property for East Bottoms property. His employment of plaintiff was simply to find a purchaser for his property. When this was effected the commission was earned, provided plaintiff's agency was the procuring cause of the trade. In this respect the employment of plaintiff differed from the ordinary employment to sell at a certain price. Counsel for appellant in his argument says : " If the agent was employed simply to find a purchaser, then

whatever changes the seller might make in his price, would not affect the right of his case." This was the theory upon which the plaintiff recovered. The price to be obtained was a secondary consideration with defendant, and plaintiff's agency was not limited in this respect. (2) The first instruction given for plaintiff is criticised by counsel for appellant, "as being misleading and making the defendant liable without reference to the question whether or not there were two separate transactions." This instruction correctly states the law of this case. Plaintiff was employed to secure a purchaser for defendant's property. If the purchaesr furnished by plaintiff afterwards bought the property, plaintiff was entitled to his commission. There was no limitation on plaintiff's agency, either as to terms of payment or the time within which the contract was to be performed. A change or modification in the terms of sale could not affect plaintiff's right of recovery. *Bell v. Kaiser*, 50 Mo. 150 ; *Tyler v. Parr*, 52 Mo. 249 ; *Lincoln v. McClutcher*, 36 Conn. 136. (3) A further objection is made to plaintiff's first instruction, in that it omits any question of good faith in the modification of terms. The question of good faith was properly omitted ; it was not an issue in the case ; there was no evidence to warrant it. A change or modification of the terms could not affect plaintiff's right to commission. There was no revocation of plaintiffs agency. There is no analogy between this case and that of *Gaty v. Foster*, 18 Mo. App. 369. See also, *Tyler v. Parr*, 52 Mo. 249 ; *Timberman v. Craddock*, 70 Mo. 638 ; *Russell v. Ins. Co.*, 55 Mo. 585. (4) The first instruction given for the plaintiff is obnoxious to none of the objections thus pointed out by the court in the above case. Counsel for appellant admits that the second instruction given for plaintiff correctly states the law, and supplies the omissions in the said first instruction. They are consistent and free from conflict. The issues in this case were fairly presented to the jury and there exists no reason for apprehending that the jury were misled.

*Whalen v. Railroad*, 60 Mo. 323; *Karle v. Railroad*, 55 Mo. 476; *McKeon v. Railroad*, 43 Mo. 405; *Williams v. Van Meter*, 8 Mo. 342; *Pond v. Wyman*, 15 Mo. 175; *State v. McClure*, 25 Mo. 388; *Kennedy v. Railroad*, 36 Mo. 351; *Moore v. San Bosin*, 42 Mo. 400; *Buesching v. Gas Co.*, 73 Mo. 216; *Thomas v. Babb*, 45 Mo. 384; *Muelhausen v. Railroad*, 91 Mo. 332. (5) The assignments of error in the motion for a new trial, were too general and vague to call the special attention of the trial court to the single alleged error here complained of, hence it cannot be reviewed on appeal. *Jolly v. Bridge Co.*, 9 Ind. 417; *Robinson v. Hadley*, 14 Ind. 417; *Estep v. Larsh*, 21 Ind. 183; *Rogers v. Rogers*, 46 Ind. 1; *Peck v. Hensley*, 21 Ind. 344; *Alley v. Gavin*, 40 Ind. 446; *Elliott v. Woodward*, 18 Ind. 183; *Wagoner v. Liston*, 37 Ind. 357. In the cases cited were just such assignments of error in the motion for a new trial, and they were held insufficient for the reasons above stated. See also by our courts on the same subject: *Sweet v. Maupin*, 65 Mo. 65; *Perringer v. Railroad*, 82 Mo. 196; *State ex rel. v. Rucker*, 59 Mo. 17; *Fox v. Young*, 22 Mo. App. 386; *Putnam v. Railroad*, 22 Mo. App. 589; *McKenzie v. Railroad*, 24 Mo. App. 397; *Cordes v. Straszer*, 8 Mo. App. 61. These Missouri decisions refer to section 3557 of our statutes as furnishing the rule on this subject. It reads as follows: "All motions shall be accompanied by a written specification of the reasons upon which they are founded. And no reason not so specified shall be urged in support of the motion."

HALL, J.—This was an action by the plaintiff for the recovery of a commission for having, as a real-estate broker, procured a purchaser, to whom the defendant effected an exchange of his real estate. The terms on which the exchange of defendant's property was to be made were not fixed by him in the employment of the plaintiff, but were left open to be arranged by the defendant.

After the purchaser, to whom the exchange was afterwards effected by the defendant, was procured by the plaintiff, the negotiations between the purchaser and defendant lingered for several months before the exchange was consummated; and the real question in the case was as to whether the original negotiations were broken off and abandoned, and new and independent negotiations were entered into by defendant without the procurement of the plaintiff, which resulted in the exchange, or whether the entire negotiations were all connected together, constituting one continuous transaction, all procured by the plaintiff. The action of the court, on account of which error is assigned by defendant, against whom the plaintiff obtained judgment, is in the giving of one instruction. No complaint is made to the other instructions given for the plaintiff; and the court gave all the instructions asked by the defendant.

The instruction complained of is as follows: "The court instructs the jury that the commissions of a broker are due when he has found a purchaser who buys· the property, and his right to such commissions is not affected by a modification of the terms of payment between the buyer and the seller different from the terms first given by the seller to the broker."

This instruction is but little more than a mere abstraction, and does not apply the principle enunciated to the facts of the case. It clearly does not purport to cover the whole case. The jury are not directed by it to do anything in view of the statement contained in it. It was intended to be, and must have been, considered by the jury in connection with the other instructions given in the case.

The instruction, it is true, entirely ignores the real issue of fact in the case, but on account of what we have just stated, and in view of the following instruction given for the defendant, we think that the jury could not have been misled thereby as to that issue.

The instruction referred to is as follows: "Although the jury believe from the evidence that the plaintiff was

the agent of the defendant, and as such opened the negotiations with Martin and Moore, and first called their attention to the defendant's property, yet if the jury believe that such negotiations failed to result in any contract of exchange between said Martin and Moore and defendant, but that the same were broken off, and that afterwards new negotiations were had between said Martin and Moore and the defendant, in which plaintiff had no part, which resulted in an exchange of defendant's property, then plaintiff cannot recover."

By this latter instruction the defendant's side of the issue of fact was pointedly put to the jury, and the effect of their finding in favor of that side was explained to them. There was nothing to the contrary stated in the instruction complained of, and all the other instructions in the case were in full harmony with the defendant's instruction. For these reasons we do not think the objection made to the action of the court well grounded. And the judgment of the circuit court is, therefore, affirmed. All concur.